UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRAYAN ZELAYA DIAZ,<br>Petitioner,<br>v.<br>JULIO HERNANDEZ, et al.,<br>Respondent. | CASE NO. C26-2818-BAT<br>**ORDER GRANTING PETITION AND DIRECTING RELEASE** |

Immigration detainee Bryan Zelaya Diaz petitions the Court to order Respondents to (1) immediately release him from detention, (2) provide injunctive relief, and (3) to award EAJA attorney fees and costs. The Court **GRANTS** the petition as follows.

1. Petitioner, a citizen of Honduras, scheduled a CBP One appointment for October 2023. When he appeared for his appointment, he was detained for two days, released, and instructed to report to the ICE office in St. George, Utah. On May 20, 2026, ICE officers rearrested Petitioner in Utah while he was driving to work. Petitioner was provided no explanation for his arrest, was afforded no detention hearing before a neutral decisionmaker, and instead was detained, transported to a local jail, multiple states, and ultimately sent to the Northwest ICE Processing Center.

2. Petitioner contends as he has resided in USA for years, his May 2026 redetention

is governed by 8 U.S.C. § 1226, and redetention without notice and a hearing violates due process. Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225, mandatory detention continues because Petitioner was paroled into the country, not released on an order of supervision, and Petitioner's detention does not violate due process under the *Mathews* test.

3. The Court finds Petitioner's redetention is governed by 8 U.S.C. § 1226. First, Petitioner has lived in the USA for years and was not an arriving applicant for admission seeking admission when he was redetained in 2026. Second, while Petitioner was ostensibly detained under § 1225 when he initially appeared for his CBP One appointment in 2023, there is no evidence he continued to be subject to § 1225 upon his release at the border. Respondents argue Petitioner was "paroled" into the USA, and parole allows the government to continue treating Petitioner as if he was stopped at a border. But the record contains nothing showing Petitioner was "paroled" into the USA in 2023. Consistent with *Safi v. Noem*, No. 2:26-CV-00308-TLF, 2026 WL 445564, at *2 (W.D. Wash. Feb. 17, 2026), the Court finds Petitioner was released under § 1226 in the absence of evidence Petitioner was released on "parole" under 8 U.S.C. § 1182. And third, even if Petitioner was "paroled" due process requires a valid basis to revoke his parole. *See Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025) (holding an individual released on parole "took with him a liberty interest which is entitled to the full protections of the due process clause"). Here, Respondents claim a right to revoke without providing a rationale for the revocation. By initially releasing Petitioner, Respondents made an "implicit promise" that his liberty will be revoked only if there is a valid reason for revocation. *See e.g. Esquivel Pachecho v. LaRose*, 818 F.Supp.3d 1168, 1179 (S.D. California, Jan. 29, 2026). This promise provides Petitioner a protectable liberty interest based upon the

government's assurance it will not arbitrarily redetain him. *Id*.

4. Respondents argue under the *Mathews* test, Petitioner's due process rights were not violated when he was redetained without notice or a hearing. Under *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976) the considers three factors: (1) the private interest at stake; (2) the risk of erroneous deprivation through existing procedures and "the probable value, if any, of additional or substitute procedural safeguards"; and (3) the Government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

5. Respondents concede the first factor, Petitioner's liberty interest, weighs in his favor. Respondents contend the second factor weighs in their favor because Petitioner lacks valid documents allowing him to reside in the USA, since arrest, Petitioner has appeared for master calendar hearings, and the government has thus "followed its procedures." The Court finds the risk of erroneous deprivation of liberty is significant. Petitioner was living with his wife and working. There is no evidence he was not in compliance with any condition of release or that he had committed criminal offenses directing redetention. The fact Petitioner lacks documentation is a fact of which Respondents were aware when they first arrested him in 2023 and decided to release him. Additionally, while Respondents state Petitioner has appeared for calendared hearings, they present no rationale for his redetention, and no evidence his custody has been addressed by a neutral decisionmaker. The Count concludes the second factor weighs in Petitioner's favor. And third, Respondents argue they have an interest in ensuring Petitioner appears for his hearings and does not abscond. There is no evidence that supports this argument. To the contrary, the record shows Petitioner did not attempt to sneak into the country, and instead appeared for a scheduled CBP One appointment; Petitioner has complied with his

conditions of release; and Petitioner is married, has a child, and was employed when redetained. The Court finds the third factor favors Petitioner. As each *Mathews* factor favors Petitioner he shall be released.

6. Petitioner was arrested on May 20, 2026 and has now been detained without a bond hearing for over three months. The Court finds a post-deprivation bond hearing is an insufficient procedural safeguard and finds the appropriate remedy is immediate release.

7. Petitioner also requests the Court enjoin his redetention during his removal proceedings absent written notice and a hearing prior to re-detention at which Respondents must prove by clear and convincing evidence that each petitioner is a flight risk or danger to the community and that no alternatives to detention would mitigate those risks. A party "seeking a permanent injunction must demonstrate (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Petitioner has suffered irreparable injury by being detained for months in violation of due process. "It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Ortiz v. Hermosillo*, No. 2:26-CV-00384-TL, 2026 WL 607672, at *6 (W.D. Wash. Mar. 4, 2026) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017)). And monetary damages would be inadequate to compensate for a threatened future loss of liberty, as much as for the present loss of liberty. Finally, Petitioner has demonstrated the final two factors (which merge when the government is the opposing party) are satisfied: there is no disservice to the public and no undue hardship created by requiring the government to adhere to

constitutional procedures, and the cost of a pre-deprivation hearing is outweighed by the substantial liberty interests at stake.

Respondents have not argued substantively against a permanent injunction. Rather, they argue broadly the remedy for the lack of a predeprivation notice and hearing should be a bond hearing before an immigration judge where the government may present evidence concerning flight risk or danger. The Court rejects this position. As in *Lima Gamez*, "Respondents have given no indication that they intend to stop indiscriminately redetaining previously released persons without prior notice and opportunity to be heard," notwithstanding the voluminous caselaw in this District and other jurisdictions repeatedly declaring such arrests unlawful. *Lima Gamez v. Hernandez*, 2026 WL 138362 at *7 (W.D. Washington, May 18, 2026); *cf. Ortiz v. Hermosillo*, No. 2:26-cv-00384-TL, 2026 WL 607672, at *5 (W.D. Wash. Mar. 4, 2026) (criticizing Respondents for continuing to engage in re-detentions without notice or an opportunity to be heard, despite district caselaw requiring otherwise). Petitioner faces the threat of redetention without due process, and such relief is warranted on the record. *See Lima Gamez*, 2026 WL 1382362, at *7.

The Court concludes the *eBay* factors are satisfied, and a permanent injunction is warranted. At any predeprivation hearing, it is appropriate to require the government to justify redetention by clear and convincing evidence, given the violation of Petitioners' due process rights and the risk of erroneous deprivation of liberty.

## CONCLUSION

A. The petition for writ of habeas corpus is **GRANTED**. Dkt. 1.

B. Respondents shall **RELEASE** Petitioner within **24 HOURS** of entry of this order and restore them to the same conditions as those in place prior to Petitioner's redetention, unless

Respondents choose to impose less restrictive conditions; return to Petitioner any personal property upon release, including personal identification documents and employment authorization documents; and file a status report certifying they have been released within **48 HOURS** of entry of this order.

C. Respondents are PROHIBITED from redetaining Petitioner without adequate notice of intent to redetain him and the grounds for redetention, as well as a predeprivation hearing before a neutral decisionmaker at which the government bears the burden of proving by clear and convincing evidence that each Petitioner is a flight risk or danger to the community. This prohibition does not apply to mandatory detention under 8 U.S.C. § 1226(c).

D. Petitioner may file a motion for an award of fees and expenses under the Equal Access to Justice Act within the time required by statute. If payment to counsel is requested, the motion shall show Petitioner has assigned the award to counsel.

DATED this 2nd day of September, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge